**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**Southern District of Texas**
(State)

Case number *(if known)*: _____   Chapter __11__

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/20

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | Oasis Petroleum Inc. |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | N/A |
| 3. | **Debtor's federal Employer Identification Number (EIN)** | 80-0554627 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **1001 Fannin Street**<br>Number          Street | Number          Street |
| **Suite 1500** | P.O. Box |
| **Houston, TX 77002**<br>City                    State      Zip Code | City                    State      Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| **Harris County**<br>County | Number          Street |
| | City                    State      Zip Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | www.oasispetroleum.com |

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor    **Oasis Petroleum Inc.**
　　　　　Name                                          Case number *(if known)* _____

---

**7.  Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

---

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C.  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

2111

---

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box.  A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.   *Check all that apply:*

　　☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625.  If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

　　☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1). Its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000 **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

　　☒ A plan is being filed with this petition.

　　☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

　　☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form**.**

　　☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.    District _____  When _____  Case number _____
　　　　　　　　　　　　　　　　　　　　MM/DD/YYYY

　　　　　　District _____  When _____  Case number _____
　　　　　　　　　　　　　　　　　　　　MM/DD/YYYY

---

Debtor     **Oasis Petroleum Inc.**                                        Case number *(if known)*

Name

| | | |
|---|---|---|
| **10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**<br><br>List all cases. If more than 1, attach a separate list. | ☐ No<br>☒ Yes. | Debtor    **See Rider 1**<br><br>District    **Southern District of Texas**<br><br>Case number, if known   _____ | Relationship    **Affiliate**<br><br>When    **09/30/2020**<br>         MM / DD / YYYY |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒   Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐   A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No[1]

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐   It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

     What is the hazard? _____

☐   It needs to be physically secured or protected from the weather.

☐   It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐   Other _____

**Where is the property?**

_____
Number      Street

_____
City          State    Zip Code

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency _____

         Contact name _____

         Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors[2]**

| | | |
|---|---|---|
| ☐   1-49 | ☐   1,000-5,000 | ☒   25,001-50,000 |
| ☐   50-99 | ☐   5,001-10,000 | ☐   50,001-100,000 |

---

1   The Debtors engage in the exploration, development, and production of oil and natural gas. Certain debtors possess or operate certain real properties where monitoring of contamination is presently underway. Although the Debtors are not aware of any definition of "imminent or identifiable hazard" as used in this form, the Debtors do not believe they own or possess any real or personal property that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety.

2   The Debtors' estimated assets, liabilities, and number of creditors noted here are provided on a consolidated basis.

Debtor   **Oasis Petroleum Inc.**

Name

Case number *(if known)*

| | | | | | |
|---|---|---|---|---|---|
| | ☐ | 100-199 | ☐ | 10,001-25,000 | ☐ | More than 100,000 |
| | ☐ | 200-999 | | | |

| | | | | | |
|---|---|---|---|---|---|
| **15. Estimated assets** | ☐ | $0-$50,000 | ☐ | $1,000,001-$10 million | ☐ | $500,000,001-$1 billion |
| | ☐ | $50,001-$100,000 | ☐ | $10,000,001-$50 million | ☒ | $1,000,000,001-$10 billion |
| | ☐ | $100,001-$500,000 | ☐ | $50,000,001-$100 million | ☐ | $10,000,000,001-$50 billion |
| | ☐ | $500,001-$1 million | ☐ | $100,000,001-$500 million | ☐ | More than $50 billion |

| | | | | | |
|---|---|---|---|---|---|
| **16. Estimated liabilities** | ☐ | $0-$50,000 | ☐ | $1,000,001-$10 million | ☐ | $500,000,001-$1 billion |
| | ☐ | $50,001-$100,000 | ☐ | $10,000,001-$50 million | ☒ | $1,000,000,001-$10 billion |
| | ☐ | $100,001-$500,000 | ☐ | $50,000,001-$100 million | ☐ | $10,000,000,001-$50 billion |
| | ☐ | $500,001-$1 million | ☐ | $100,000,001-$500 million | ☐ | More than $50 billion |

| | |
|---|---|
| | **Request for Relief, Declaration, and Signatures** |

**WARNING --**   Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **09/30/2020**

MM/ DD / YYYY

**✗**   */s/ Nickolas Lorentzatos*

Signature of authorized representative of debtor

**Nickolas Lorentzatos**

Printed name

Title   **Executive Vice-President**

**18. Signature of attorney**

**✗**   */s/ Matthew D. Cavenaugh*

Signature of attorney for debtor

Date   **09/30/2020**

MM/DD/YYYY

**Matthew D. Cavenaugh**

**Jackson Walker L.L.P.**

Firm name

**1401 McKinney Street, Suite 1900**

Number                    Street

**Houston**

City

**Texas**        **77010**

State        ZIP Code

**(713) 752-4200**

Contact phone

**mcavenaugh@jw.com**

Email address

**24062656**                    **Texas**

Bar number                    State

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td colspan="2">United States Bankruptcy Court for the:<br><br>        <strong>Southern District of Texas</strong><br>               (State)</td></tr>
<tr><td>Case number <em>(if known):</em> _____</td><td>Chapter ___<strong>11</strong>___</td></tr>
</table>

☐ Check if this is an
amended filing

### Rider 1
### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Oasis Petroleum Inc.

- Oasis Petroleum Inc.
- Oasis Midstream Services LLC
- Oasis Petroleum LLC
- Oasis Petroleum Marketing LLC
- Oasis Petroleum North America LLC
- Oasis Petroleum Permian LLC
- Oasis Well Services LLC
- OMP GP LLC
- OMS Holdings LLC

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **OASIS PETROLEUM INC.,** | ) | Case No. 20-_____ (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**LIST OF EQUITY SECURITY HOLDERS**[1]

| Debtor | Equity Holders[2] | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| Oasis Petroleum Inc. | BlackRock Institutional Trust Company, N.A. | 400 Howard Street San Francisco, CA 94105 | 8.5% |
| Oasis Petroleum Inc. | The Vanguard Group, Inc. | 100 Vanguard Blvd Malvern, PA 19355 | 8.0% |
| Oasis Petroleum Inc. | EnCap Investments L.P. | 1100 Louisiana Street Suite 4900 Houston, TX 77002 | 6.4% |

---

[1]   This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

[2]   This list includes equity holders that hold at least 5% or more of Oasis Petroleum Inc.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| **OASIS PETROLEUM INC.** | ) Case No. 20-_____ (___) |
| | ) |
| Debtor. | ) |
| | ) |

## <u>CORPORATE OWNERSHIP STATEMENT</u>

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|:---:|:---:|
| N/A | N/A |

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td>Debtor name: Oasis Petroleum, Inc.</td><td rowspan="3">☐ Check if this is an amended filing</td></tr>
<tr><td>United States Bankruptcy Court for the: Southern District of Texas</td></tr>
<tr><td>Case number (if known):_____</td></tr>
</table>

<u>Official Form 204</u>

## Chapter 11 or Chapter 9 Cases: List of Creditors the 100 Who Have Unsecured Claims and Are Not Insiders

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor

disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by

secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | US Bank N. A. 8 Greenway Plz. Ste 1100 Houston, TX 77046 | Alejandro Hoyos (p): 346-262-3741 (e): alejandro.hoyos@usbank.com | 6.875% Bond due March 2022 | Contingent, Unliquidated, | $0 | $0 | $866,178,605 |
| 2 | US Bank N. A. 8 Greenway Plz. Ste 1100 Houston, TX 77046 | Alejandro Hoyos (p): 346-262-3741 (e): alejandro.hoyos@usbank.com | 6.25% Bond due May 2026 | Contingent, Unliquidated, Disputed | $0 | $0 | $405,548,831 |
| 3 | US Bank N. A. 8 Greenway Plz. Ste 1100 Houston, TX 77046 | Alejandro Hoyos (p): 346-262-3741 (e): alejandro.hoyos@usbank.com | 6.875% Bond due January 2023 | Contingent, Unliquidated, Disputed | $0 | $0 | $312,253,098 |
| 4 | US Bank N. A. 8 Greenway Plz. Ste 1100 Houston, TX 77046 | Alejandro Hoyos (p): 346-262-3741 (e): alejandro.hoyos@usbank.com | 2.625% Convertible Bond due September 2023 | Contingent, Unliquidated, Disputed | $0 | $0 | $248,392,730 |
| 5 | US Bank N. A. 8 Greenway Plz. Ste 1100 Houston, TX 77046 | Alejandro Hoyos (p): 346-262-3741 (e): alejandro.hoyos@usbank.com | 6.5% Bond due November 2021 | Contingent, Unliquidated, Disputed | $0 | $0 | $44,797,605 |
| 6 | Schlumberger Technology Corp. 121 Industrial Blvd Sugar Land, TX 77478 | Imanol Hernandez (p): 281-285-6876 (e): IHernandez11@slb.com | Trade Debts | Contingent, Unliquidated, Disputed | $0 | $0 | $1,039,833 |
| 7 | Riverbend Oil & Gas VIII, LLC 500 Dallas Street, Suite 1250 Houston, TX 77002 | Randy Newcomer (p): 281-779-8670 (e): rnewcomer@rboil.com | Trade Debts | Contingent, Unliquidated, Disputed | $0 | $0 | $999,671 |
| 8 | BV Energy Investments II, LLC 440 Louisiana St., Suite 900 Houston, TX 77002 | Thomas Egleston (p): 713-252-2211 (e): te@glendalecap.com | Trade Debts | Contingent, Unliquidated, Disputed | $0 | $0 | $753,885 |
| 9 | Lufkin Industries 11375 W. Sam Houston Pkwy, Suite 800 Houston, TX 77031 | Brandon Furr (f): 281-495-6333 (p): 281-495-1100 | Trade Debts | Contingent, Unliquidated, Disputed | $0 | $0 | $625,396 |
| 10 | MI Swaco 5950 North Course Dr. Houston, TX 77072 | Joseph Bacho (f): 821-988-1859 (p): 281-998-1815 | Trade Debts | Contingent, Unliquidated, Disputed | $0 | $0 | $437,849 |
| 11 | Creedence Energy Services LLC 5930 16th Ave W Williston, ND 58801 | Kevin Black (p): 701-740-7481 (e): kevin.black@creedence-energy.com | Trade Debts | Contingent, Unliquidated, Disputed | $0 | $0 | $355,486 |
| 12 | Mckenzie Energy Partners, LLC 500 2nd Ave SW Watford City, ND 58854 | Erin White (p): 701-213-1059 (e): erin@mckenzieenergypartners.com | Trade Debts | Contingent, Unliquidated, Disputed | $0 | $0 | $282,037 |
| 13 | CTAP LLC 2585 Trailridge Dr E Lafayette, CO 80226 | Terry Herbst (p): 970-467-2758 (e): Therbst@ctapllc.com | Trade Debts | Contingent, Unliquidated, Disputed | $0 | $0 | $260,187 |
| 14 | L & K Electric, LLC 1155 Dairy Ashford, Suite 450 Houston, TX 77079 | Reid Mann (p): 701-774-1094 (e): reid.mann@lk-electric.com | Trade Debts | Contingent, Unliquidated, Disputed | $0 | $0 | $248,552 |
| 15 | XTO Energy Inc 22777 Springwoods Village Pkwy. Spring , TX 77389 | Vinicius Koehler Pierri (p): 832-625-9191 Ext. 4547 (e): vinicius.k.pierri@exxonmobil.com | Trade Debts | Contingent, Unliquidated, Disputed | $0 | $0 | $241,496 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 16 Black Hawk Energy Services Inc<br>118 84th St W<br>Williston, ND 58801 | Thom White<br>(p): 307-272-1954<br>(e): thom.white@steelteams.com | Trade Debts | Contingent, Unliquidated, Disputed | $0 | $0 | $233,589 |
| 17 DNOW L.P.<br>7402 North Eldridge Parkway, Texas<br>Houston, TX 77041 | Kelsey King<br>(p): 281-823-4019<br>(e): Kelsey.King@dnow.com | Trade Debts | Contingent, Unliquidated, Disputed | $0 | $0 | $221,641 |
| 18 West Dakota Water LLC<br>5015 Sunrise Dr<br>Williston, ND 58801 | Jeffrey White<br>(p): (701) 580-1512<br>(e): jwhite@jmacresources.com | Trade Debts | Contingent, Unliquidated, Disputed | $0 | $0 | $206,801 |
| 19 Liberty Lift Solutions LLC<br>16420 Park Ten Place, Ste 300<br>Houston, TX 77084 | Robert Hardie<br>(p): 713-575-2171<br>(e): robert.hardie@libertylift.com | Trade Debts | Contingent, Unliquidated, Disputed | $0 | $0 | $204,896 |
| 20 Patriot Pump LLC<br>5817 Baldwin Ln<br>Williston, ND 58801 | Russell Stevens<br>(p): 918-706-9550<br>(e): rstevens@usrodco.com | Trade Debts | Contingent, Unliquidated, Disputed | $0 | $0 | $189,075 |
| 21 KLX Energy Services LLC<br>3040 Post Oak Blvd<br>Houston, TX 77056 | Douglas Barnette<br>(p): 713-594-8464<br>(e): douglas.barnette@klxenergy.com | Trade Debts | Contingent, Unliquidated, Disputed | $0 | $0 | $180,455 |
| 22 Continental Resources Inc<br>20 N. Broadway<br>Oklahoma City, OK 73102 | Rory Sabino<br>(p): 405-234-9620<br>(e): Rory.Sabino@CLR.com | Trade Debts | Contingent, Unliquidated, Disputed | $0 | $0 | $180,440 |
| 23 Point Energy Partners Water, LLC<br>300 Throckmorton St., Suite 620<br>Fort Worth, TX 76102 | John Sabia<br>(p): 817-701-6289<br>(p): Office: 682-302-3451 | Trade Debts | Contingent, Unliquidated, Disputed | $0 | $0 | $147,806 |
| 24 Weatherford US LP<br>2000 Saint James Pl<br>Houston, TX 77056 | Krystal Comeaux<br>(p): 337-552-1811<br>(e): krystal.comeaux@weatherford.com | Trade Debts | Contingent, Unliquidated, Disputed | $0 | $0 | $140,410 |
| 25 Edgen Murray Corporation<br>10370 Richmond Ave, Suite 900<br>Houston, TX 77042 | Roland Baylous II<br>(p): 281-268-7200<br>(e): roland.baylous@edgenmurray.com | Trade Debts | Contingent, Unliquidated, Disputed | $0 | $0 | $135,835 |
| 26 Northern States Fishing Co Inc<br>1004 4Th St Sw<br>Watford City, ND 58854 | Billy Carlson<br>(p): 701-842-3350<br>(e): bcarlson@northernstatesfishing.com | Trade Debts | Contingent, Unliquidated, Disputed | $0 | $0 | $127,419 |
| 27 Felix Water, LLC<br>1530 16Th St.<br>Suite 500<br>Denver, CO 80202 | Justin Pratt<br>(f): office: 720-974-2093<br>(p): 720-974-2093<br>(e): justinp@felix-energy.com | Trade Debts | Contingent, Unliquidated, Disputed | $0 | $0 | $118,836 |
| 28 Stateline Services, Inc<br>501 48th St. W<br>Williston, ND 58801 | Kenny Brown<br>(p): 701-572-1832<br>(e): k.brown@statelineenergyservices.com | Trade Debts | Contingent, Unliquidated, Disputed | $0 | $0 | $116,856 |
| 29 Astro Chem Lab Inc<br>4102 Second Ave. W.<br>Williston, ND 58801 | Christina Jungels<br>(p): 701-572-7355<br>(e): christinaj@astrochemlab.com | Trade Debts | Contingent, Unliquidated, Disputed | $0 | $0 | $115,762 |
| 30 Bedrock Petroleum Consultants, LLC<br>800 Gessner Road, Suite 800<br>Houston, TX 77024 | Paul Comaniuk<br>(p): 403-899-0278<br>(e): paul.comaniuk@nesgt.com | Trade Debts | Contingent, Unliquidated, Disputed | $0 | $0 | $115,636 |

Fill in this information to identify the case and this filing:

Debtor Name      Oasis Petroleum Inc.

United States Bankruptcy Court for the:    **Southern District of Texas**

(State)

Case number (If known):

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐  *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐  *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐  *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐  *Schedule H: Codebtors (Official Form 206H)*

☐  *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐  Amended Schedule

☒  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒  Other document that requires a declaration_____**List of Equity Security Holders, Corporate Ownership Statement, and Certification of Creditor Matrix**_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

**09/30/2020**
MM/ DD/YYYY

☒ */s/ Nickolas Lorentzatos*

Signature of individual signing on behalf of debtor

**Nickolas Lorentzatos**

Printed name

**Executive Vice-President**

Position or relationship to debtor

Official Form 202          **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**OMNIBUS RESOLUTIONS OF THE MEMBERS OF THE BOARD OF DIRECTORS, SOLE MEMBERS, AND MANAGING MEMBERS, AS APPLICABLE OF**

**OASIS PETROLEUM INC.**
**OASIS PETROLEUM LLC**
**OASIS MIDSTREAM SERVICES LLC**
**OASIS PETROLEUM MARKETING LLC**
**OASIS PETROLEUM NORTH AMERICA LLC**
**OASIS PETROLEUM PERMIAN LLC**
**OASIS WELL SERVICES LLC**
**OMP GP LLC**
**OMS HOLDINGS LLC**

**September 29, 2020**

WHEREAS, a telephonic meeting (the "Meeting") of the Board of Directors (the "Board") of Oasis Petroleum Inc. (the "Company") on behalf of the Company was concluded on September 29, 2020;

WHEREAS, the Board along with the undersigned, being all of the sole and/or managing members, or members of the board of directors, as applicable (each, an "Authorizing Body") of each of the direct and indirect subsidiaries of the Company set forth on **Schedule 1** (the "Subsidiaries") attached hereto, along with the Company (the Company and the Subsidiaries are referred to herein collectively as the "Filing Entities"), hereby take the following actions and consent to, authorize, approve and adopt the following resolutions pursuant to the certificate of incorporation, bylaws, limited liability company agreements, or similar organizational documents (in each case, as amended or amended and restated and in effect as of the date hereof) of each Filing Entity and the applicable laws of the jurisdiction in which each of the Filing Entities are organized;

WHEREAS, as set forth above, a requisite number of the members of the Board, constituting a quorum, participated throughout the Meeting.  After it was confirmed that the Meeting was duly convened (and each member of the Board waived any notice requirements in connection therewith), those participating could hear each other and a quorum of the Board was in attendance, the Meeting was called to order;

WHEREAS, the Board and each other Authorizing Body has considered presentations by the Filing Entities' management ("Management") and financial and legal advisors (collectively, the "Advisors") regarding the liabilities and liquidity of each Filing Entity, the strategic alternatives available to it, and the effect of the foregoing on each Filing Entity's business;

WHEREAS, following discussion, upon a motion duly made and seconded, the members of the Board at the Meeting (acting on behalf of the Company, in its own capacity) unanimously adopted and approved the recitals and resolutions contained herein (the "Resolutions") pursuant to the organizational documents of the Company and the laws of the state of Delaware;

WHEREAS, each other Authorizing Body hereby adopts and approves these Resolutions pursuant to their limited liability company agreements and the laws of jurisdiction in which the Subsidiaries are organized; and

WHEREAS, the Board and each other Authorizing Body has consulted with Management and the Advisors and has fully considered each of the strategic alternatives available to each Filing Entity.

NOW, THEREFORE, BE IT:

### Chapter 11 Filing

RESOLVED, that in the judgment of the Board and each other Authorizing Body, it is desirable and in the best interests of the Filing Entities, their creditors, and other parties in interest, that each Filing Entity shall be, and hereby is, authorized to file or cause to be filed a voluntary petition for relief commencing a case (the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") or other court of competent jurisdiction; and

RESOLVED, that the Chairman of the Board of Directors, the Chief Executive Officer, the President, Chief Financial Officer, Chief Operating Officer, and the General Counsel and Corporate Secretary of any Filing Entity (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and each of them hereby is, authorized, empowered, and directed to execute and file on behalf of the Filing Entities all petitions, schedules, lists, and other motions, papers, or documents (including the filing of financing statements), and to take any and all action that they deem necessary, appropriate, or desirable to obtain such relief, including, without limitation, any action necessary, appropriate, or desirable to maintain the ordinary course operation of the Filing Entities' businesses; and

RESOLVED, that pursuant to Del. Code § 18-304, (a) the Company, as sole member of Oasis Petroleum LLC ("OPLLC"), hereby consents to the Company remaining the sole member of OPLLC after the filing of the Chapter 11 Cases, and (b) OPLLC, as sole member of OMS Holdings LLC ("OMSH"), hereby consents to OPLLC remaining the sole member of OMSH after the filing of the Chapter 11 Cases.

### Cash Collateral, Debtor in Possession Financing and Adequate Protection

RESOLVED, that the Filing Entities will obtain benefits from (a) the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition secured lenders (collectively, the "Secured Lenders") party to that certain Third Amended and Restated Credit Agreement, by and among Oasis Petroleum North America LLC, as borrower, the Company, as parent guarantor, the lenders party thereto from time to time (the "RBL Lenders"), and Wells Fargo Bank, N.A., as the administrative agent and JPMorgan Chase Bank, N.A., as syndication agent (as amended, supplemented, or modified from time to time in accordance with the terms therein, the "Credit Agreement"), which provides for the Company's reserve-based lending facility (the "RBL

Facility") and (b) the incurrence of debtor-in-possession financing obligations (the "DIP Financing"); and

RESOLVED, that in order to use and obtain the benefits of (a) the DIP Financing and (b) the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Filing Entities will provide certain liens, claims, and adequate protection to the Secured Lenders (the "DIP Obligations"), as documented in a proposed interim order (the "Interim DIP Order") and to be submitted for approval to the Bankruptcy Court; and

RESOLVED, that the form, terms, and provisions of the Interim DIP Order to which the Filing Entities are or will be subject, and the actions and transactions contemplated thereby be, and hereby are authorized, adopted, and approved, and each of the Authorized Officers of any Filing Entity be, and hereby is, authorized and empowered, in the name of and on behalf of such Filing Entity, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the Interim DIP Order, and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which the Filing Entities will be parties, including, but not limited to, any security and pledge agreement or guaranty agreement (collectively with the Interim DIP Order, the "DIP Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Board or any other Authorizing Body, with such changes, additions, and modifications thereto as the officers of each Filing Entity executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof; and

RESOLVED, that the Filing Entities, as debtors and debtors in possession under the Bankruptcy Code be, and hereby are, authorized to incur the DIP Obligations and certain obligations related to the DIP Financing and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "DIP Transactions"), including granting liens on its assets to secure such obligations; and

RESOLVED, that the Authorized Officers of each of the Filing Entities be and the hereby are, authorized, directed and empowered, and each of them acting alone hereby is authorized, directed, and empowered in the name of and on behalf of such Filing Entity, as debtors and debtors in possession, to take such actions as in their discretion is determined to be necessary, desirable or appropriate and execute the DIP Transactions, including delivery of (a) the DIP Documents, (b) such other instruments, certificates, notices, assignments and documents as may be reasonably requested by the agents under the DIP Documents (the "Agents"), and (c) such forms of deposit, account control agreements, officer's certificates and compliance certificates as may be required by the DIP Documents; and

RESOLVED, that each of the Authorized Officers of each of the Filing Entities be, and they hereby are, authorized, directed and empowered in the name of and on behalf of such Filing Entity to file or to authorize the Agents to file any Uniform Commercial Code (the "UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation and any necessary assignments for security or other documents in the name of such Filing Entity that the Agents deem necessary or appropriate to perfect any lien or security interest granted under the Interim DIP Order, including any such UCC financing statement containing a generic

description of collateral, such as "all assets," "all property now or hereafter acquired," and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of such Filing Entity and such other filings in respect of intellectual and other property of such Filing Entity, in each case, as the Agents may reasonably request to perfect the security interest of the Agents under the Interim DIP Order or any of the other DIP Documents; and

RESOLVED, that each of the Authorized Officers of each Filing Entity be, and they hereby are, authorized, directed and empowered in the name of and on behalf of such Filing Entity to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the DIP Transactions and all fees and expenses incurred by or on behalf of such Filing Entity in connection with the foregoing resolutions, in accordance with the terms of the DIP Documents, which shall, in their sole judgement be necessary, desirable, proper or advisable to perform any of such Filing Entity's obligations under or in connection with the Interim DIP Order or any of the other DIP Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions.

## Restructuring Support Agreement and the Chapter 11 Plan

WHEREAS, the Board and each other Authorizing Body has considered presentations by Management and the Advisors regarding a restructuring support agreement in form and substance substantially as provided to the Board for review (the "Restructuring Support Agreement");

WHEREAS, the Filing Entities have negotiated the Restructuring Support Agreement in good faith and at arm's-length with the Consenting Stakeholders (as defined in the Restructuring Support Agreement);

WHEREAS, the Restructuring Support Agreement provides that it can be terminated if continued performance thereunder would be inconsistent with the exercise of the Board or any other Authorizing Body's fiduciary duties or applicable law; and

WHEREAS, the Board and each other Authorizing Body has reviewed and considered presentations by Management and the Advisors regarding the advantages and disadvantages of each Filing Entity soliciting acceptances of the chapter 11 plan of reorganization (as may be amended, modified or supplemented from time to time, the "Plan") contemplated in the Restructuring Support Agreement and the related disclosures (as may be amended, modified or supplemented from time to time, the "Disclosure Statement").

NOW, THEREFORE, BE IT,

RESOLVED, that the Board and each other Authorizing Body has determined in its business judgment that it is desirable and in the best interests of the Filing Entities, their creditors, and other stakeholders to enter into the Restructuring Support Agreement and to commence solicitation of the Plan, as attached to the Disclosure Statement, pursuant to sections 1125(g) and 1126(b) of the Bankruptcy Code and rule 3018(b) of the Federal Rules of Bankruptcy Procedure, and that each Filing Entity's performance of its obligations under the Restructuring Support Agreement and the solicitation of votes in favor of the Plan be and hereby is, in all respects, authorized and approved; and

4

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized to take all actions (including, without limitation, to negotiate and execute any agreements, documents, or certificates) necessary to enter into the Restructuring Support Agreement and to consummate the transactions contemplated thereby in connection with the Chapter 11 Cases and that each Filing Entity's performance of its obligations under the Restructuring Support Agreement hereby is, in all respects, authorized and approved; and

RESOLVED, that the Board and each other Authorizing Body has determined in its business judgment that it is desirable and in the best interests of the Filing Entities, their creditors, and other stakeholders that the Authorized Officers file or cause to be filed the Plan, the Disclosure Statement, and all other papers or documents (including any amendments) related thereto and to take any and all actions that they deem necessary or appropriate to pursue confirmation and consummation of a plan of reorganization materially consistent with the Plan; and

RESOLVED, that each of the Authorized Officers, acting alone or with one or more other Authorized Signatories, be, and they hereby are, authorized, empowered and directed, together with the Advisors, to file all other documents deemed necessary to confirm a plan of reorganization materially consistent with the Plan, including, but not limited to, any amendments to and modifications of the Plan and Disclosure Statement; and

RESOLVED, that each of the Authorized Officers, acting alone or with one or more other Authorized Signatories, be, and they hereby are, authorized, empowered and directed, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such instruments as each, in his or her discretion, may deem necessary or advisable in order to consummate the Plan if confirmed by the Bankruptcy Court.

## Derivatives Agreements and Derivatives Transactions

WHEREAS, in the judgment of the Board and each other Authorizing Body, it is desirable and in the best interests of the Filing Entities, their creditors and other stakeholders that the Company and the Filing Entities enter into transactions from time to time to hedge or otherwise manage interest rate, currency exchange rate and/or commodity price exposure in relation to assets or liabilities of the Company and its Subsidiaries, including, without limitation, rate swap transactions, basis swaps, forward rate transactions, commodity swaps, commodity options, bond options, interest rate options, interest rate cap transactions, interest rate floor transactions, interest rate collar transactions, foreign exchange transactions, currency swap transactions, cross-currency rate swap transactions, currency options or any other similar transactions (including any option with respect to any of these transactions), and any combination of these transactions (each, a "Derivatives Transaction"); and

WHEREAS, in the judgment of the Board and each other Authorizing Body, it is desirable and in the best interests of the Filing Entities, their creditors and other stakeholders that the Filing Entities enter into one or more agreements evidencing their obligations in relation to Derivatives Transactions, including, without limitation, ISDA Master Agreements and Schedules thereto and confirmations evidencing the terms of each Derivatives Transaction (each of the foregoing, a "Derivatives Agreement"), by and between one or more Filing Entities and one or more financial institutions.

NOW THEREFORE, BE IT RESOLVED, that it is in the best interest of the Filing Entities that the Filing Entities actively manage their exposure to interest rates, foreign currencies and commodities by entering into, from time to time, Derivatives Agreements and Derivatives Transactions thereunder; and

RESOLVED, that the Authorized Officers, or any one of them, be and they are hereby authorized, empowered, and directed, either jointly or severally, for and on behalf of the Filing Entities to (i) enter into Derivatives Transactions on behalf of the Filing Entities on terms (including tenor and volume, as applicable) permitted by the Credit Agreement, (ii) execute and deliver on behalf of the Filing Entities, Derivatives Agreements, and any amendments, restatements, extensions, supplements or other modifications thereto, and any transfers or terminations thereof, all in such form and upon such terms as such Authorized Officers shall approve in compliance with the Credit Agreement, such approval to be conclusively evidenced by the execution and delivery of said agreements by such Authorized Officers, and (iii) take such other and further actions in connection with the foregoing, in each case as shall in their sole judgment be necessary, proper or advisable (execution thereof by such Authorized Officers to constitute conclusive evidence of such judgment).

## Retention of Professionals

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to engage the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "Kirkland"), as counsel, to represent and assist the Filing Entities in carrying out their duties under the Bankruptcy Code and to take any and all actions to advance the Filing Entities' rights and remedies, including filing any motions, objections, replies, applications, or pleadings and conducting any potential sale process on behalf of the Filing Entities; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, to pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Kirkland in accordance with applicable law; and

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to engage the law firm of Jackson Walker LLP ("Jackson Walker"), as co-bankruptcy counsel, to represent and assist the Filing Entities in carrying out their duties under the Bankruptcy Code and to take any and all actions to advance the Filing Entities' rights and remedies, including filing any motions, objections, replies, applications, or pleadings and conducting any potential sale process on behalf of the Filing Entities; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, to pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Jackson Walker in accordance with applicable law; and

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to engage the firms of Tudor, Pickering, Holt & Co. ("TPH") and Perella Weinberg Partners LP ("PWP"), as investment bankers to represent and assist the Filing Entities in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Filing Entities' rights and remedies; and, in connection therewith, each of the Authorized Officers is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, to pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain TPH and PWP in accordance with applicable law; and

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to engage the firm of AlixPartners LLP ("Alix"), as financial advisor, to represent and assist the Filing Entities in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Filing Entities' rights and remedies; and, in connection therewith, each of the Authorized Officers is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, to pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Alix in accordance with applicable law; and

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to engage the firm of Kurtzman Carson Consultants LLC ("KCC") as notice, claims, and solicitation agent, and as administrative advisor, to represent and assist the Filing Entities in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Filing Entities' rights and remedies; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, to pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain KCC in accordance with applicable law; and

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to engage the firm of PricewaterhouseCoopers ("PWC") as external auditor, to represent and assist the Filing Entities in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Filing Entities' rights and remedies; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, to pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain PWC in accordance with applicable law; and

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to engage the firm of Deloitte Touche Tohmatsu Limited ("Deloitte") as tax advisor, to represent and assist the Filing Entities in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Filing Entities' rights and remedies; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, to pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Deloitte in accordance with applicable law; and

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to engage any other professionals to assist the Filing Entities in carrying out their duties under the Bankruptcy Code; and, in connection therewith, each of the Authorized Officers, with

power of delegation, is hereby authorized and directed to execute appropriate retention agreements, to pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary, appropriate, or desirable, including (without limitation) special counsel to the extent determined necessary, appropriate, or desirable; and

RESOLVED, that each of the Authorized Officers be, and hereby is, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to engage and retain legal counsel, accountants, financial advisors, restructuring advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Officers deem necessary, appropriate, or desirable in connection with the Chapter 11 Cases.

### Mirada Settlement Agreement

WHEREAS, the Board and each other Authorizing Body has considered presentations by Management and the Advisors regarding a a settlement agreement with respect to certain litigation claims asserted by Mirada Energy, LLC and certain of its affiliates (the "Mirada Settlement Agreement");

WHEREAS, the Board and each other Authorizing Body has reviewed and considered presentations by Management and the Advisors regarding the advantages and disadvantages of approving the terms of the Mirada Settlement Agreement;

WHEREAS, the Company entered into the Mirada Settlement Agreement on September 28, 2020.

NOW, THEREFORE, BE IT,

RESOLVED, that the Board and each other Authorizing Body has determined in its business judgment that it is desirable and in the best interests of the Filing Entities, their creditors, and other stakeholders to enter into the Mirada Settlement Agreement, and that each Filing Entity's performance of its obligations under the Mirada Settlement Agreement is, in all respects, authorized, approved, and ratified; and

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized to take all actions (including, without limitation, to negotiate and execute any agreements, documents, or certificates) necessary to enter into the Mirada Settlement Agreement and to consummate the transactions contemplated thereby and that each Filing Entity's performance of its obligations under the Mirada Settlement Agreement hereby is, in all respects, authorized, approved, and ratified; and

RESOLVED, that each of the Authorized Officers, acting alone or with one or more other Authorized Signatories, be, and they hereby are, authorized, empowered and directed, together with the Advisors, to file all other documents deemed necessary to secure approval of the Mirada Settlement Agreement by the Bankruptcy Court; and

RESOLVED, that each of the Authorized Officers, acting alone or with one or more other Authorized Signatories, be, and they hereby are, authorized, empowered and directed, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such instruments as each, in his or her discretion, may deem necessary or advisable in order to consummate the Mirada Settlement Agreement if approved by the Bankruptcy Court.

## General Resolutions

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of each Filing Entity, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Officer's or Authorized Officers' judgment, shall be necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of the Resolutions adopted herein; and

RESOLVED, that the Board and each other Authorizing Body has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing Resolutions, as may be required by the organizational documents of any Filing Entity, or hereby waives any right to have received such notice; and

RESOLVED, that all acts, actions, and transactions relating to the matters contemplated by the foregoing Resolutions done in the name of and on behalf of the Filing Entities, which acts would have been approved by the foregoing Resolutions except that such acts were taken before the adoption of these Resolutions, are hereby in all respects approved, confirmed and ratified as the true acts and deeds of the Filing Entities with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Board or any other Authorizing Body, as applicable; and

RESOLVED, that each of the Authorized Officers (and their designees and delegates) be and hereby is, authorized and empowered to take all actions or to not take any action in the name of and on behalf of the Filing Entities with respect to the transactions contemplated by these Resolutions hereunder as such Authorized Officer shall deem necessary, appropriate, or desirable in such Authorized Officer's reasonable business judgment as may be necessary, appropriate, or desirable to effectuate the purposes of the transactions contemplated herein.

*        *        *        *        *

IN WITNESS WHEREOF, the undersigned hereby duly consent to the Resolutions as of the date first written above:

**OASIS PETROLEUM INC.**
**Directors**

Name: Thomas B. Nusz

Name: William J. Cassidy

Name: John E. Hagale

Name: Michael McShane

Name: Paula Polito

Name: Taylor L. Reid

Name: Bobby S. Shackouls

**OASIS PETROLEUM LLC**
By: Oasis Petroleum Inc., its sole member
By:_____
Name: Nickolas J. Lorentzatos
Title: Executive Vice President, General Counsel
      and Corporate Secretary

**OASIS MIDSTREAM SERVICES LLC**
By: OMS Holdings LLC, its sole member
By: Oasis Petroleum LLC, its sole member
By: Oasis Petroleum Inc., its sole member

By:_____
Name: Nickolas J. Lorentzatos
Title: Executive Vice President, General Counsel
     and Corporate Secretary

**OASIS PETROLEUM MARKETING LLC**
By: Oasis Petroleum LLC., its sole member
By: Oasis Petroleum Inc., its sole member

By:_____
Name: Nickolas J. Lorentzatos
Title: Executive Vice President, General Counsel
　　　and Corporate Secretary

**OASIS PETROLEUM NORTH AMERICA LLC**
By: Oasis Petroleum LLC., its sole member
By: Oasis Petroleum Inc., its sole member

By:_____
Name: Nickolas J. Lorentzatos
Title: Executive Vice President, General Counsel
       and Corporate Secretary

**OASIS PETROLEUM PERMIAN LLC**
By: Oasis Petroleum LLC., its sole member
By: Oasis Petroleum Inc., its sole member

By:_____
Name: Nickolas J. Lorentzatos
Title: Executive Vice President, General Counsel
       and Corporate Secretary

**OASIS WELL SERVICES LLC**
By: Oasis Petroleum LLC., its sole member
By: Oasis Petroleum Inc., its sole member

By:_____
Name: Nickolas J. Lorentzatos
Title: Executive Vice President, General Counsel
        and Corporate Secretary

**OMP GP LLC**

**<u>Managing Member</u>**

By: OMS Holdings LLC, its managing member
By: Oasis Petroleum LLC., its sole member
By: Oasis Petroleum Inc., its sole member

By:_____
Name: Nickolas J. Lorentzatos
Title: Executive Vice President, General Counsel
      and Corporate Secretary

**OMS HOLDINGS LLC**
By: Oasis Petroleum LLC., its sole member
By: Oasis Petroleum Inc., its sole member
By:_____
Name: Nickolas J. Lorentzatos
Title: Executive Vice President, General Counsel
        and Corporate Secretary

## Schedule 1

**Filing Subsidiaries of Oasis Petroleum Inc.**

| Subsidiary | Jurisdiction of Formation |
|---|---|
| Oasis Petroleum LLC | Delaware |
| Oasis Midstream Services LLC | Delaware |
| Oasis Petroleum Marketing LLC | Delaware |
| Oasis Petroleum North America LLC | Delaware |
| Oasis Petroleum Permian LLC | Delaware |
| Oasis Well Services LLC | Delaware |
| OMP GP LLC | Delaware |
| OMS Holdings LLC | Delaware |