Case 20-34771 Document 377-1 Filed in TXSB on 12/02/20 Page 1 of 4

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

ENTERED
12/10/2020

|  |  |
|---|---|
| In re: | Chapter 11 |
| OASIS PETROLEUM INC., *et al.*,[1] | Case No. 20-34771 (MI) |
|  | (Jointly Administered) |
| Reorganized Debtors. | Re: Docket No. 377 |

## FINAL DECREE CLOSING CERTAIN OF THE CHAPTER 11 CASES

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors" as applicable, and after the confirmation of their plan of reorganization, the "Reorganized Debtors") for the entry of a final decree (this "Final Decree") closing certain of the chapter 11 cases, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b) and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Reorganized Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Reorganized Debtors' notice of the Motion and opportunity for a hearing on the

---

[1] Due to the large number of debtor entities in these chapter 11 cases, for which the Debtors have requested joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers are not provided herein. A complete list of such information may be obtained on the website of the Reorganized Debtors' claims and noticing agent at www.kccllc.net/oasis. The location of the Reorganized Debtors' service address for purposes of these chapter 11 cases is: 1001 Fannin Street, Suite 1500, Houston, Texas 77002.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The following Affiliate Cases are hereby closed; *provided* that this Court shall retain jurisdiction as provided in the Plan and the order confirming the Plan (the "Confirmation Order"):

| Debtor | Case No. |
|---|---|
| Oasis Midstream Services LLC | 20-34772 |
| Oasis Petroleum LLC | 20-34775 |
| Oasis Petroleum Marketing LLC | 20-34774 |
| Oasis Petroleum North America LLC | 20-34777 |
| Oasis Petroleum Permian LLC | 20-34778 |
| Oasis Well Services LLC | 20-34779 |
| OMP GP LLC | 20-34773 |
| OMS Holdings LLC | 20-34776 |

2. The Lead Case of Oasis Petroleum Inc., Case No. 20-34771 shall remain open pending the entry of a final decree by this Court closing the Lead Case.

3. The Remaining Matters, whether or not they pertain to the Lead Case or Affiliate Cases shall be filed, administered, and adjudicated in the Lead Case without the need to reopen the Affiliate Cases.

4.     Any objections to claims against or interests in the Affiliate Debtors may be filed, administered, and adjudicated in the Lead Case; provided, the rights of (i) any respondent to argue that the right to file an objection terminated with the closing of a case are preserved; and the rights of the reorganized debtor to contest any such argument are similarly preserved..

5.     The Closed Affiliate Debtors, no later than fourteen (14) days after the date of entry of the Final Decree, shall file a post-confirmation report for the fourth quarter of 2020 through the date of entry of the Final Decree and shall serve a true and correct copy of said statements on the Acting United States Trustee.

6.     The Reorganized Debtors shall pay the appropriate sum of quarterly fees due and payable under 28 U.S.C. § 1930(a)(6)(A) and (B) with respect to the Affiliate Debtors by remitting payment to the United States Trustee Payment Center, P.O. Box 6200-19, Portland, Oregon, 97228-6200 no later than the later of (x) fourteen days after the date of entry of the Final Decree and (y) the date on which such quarterly fees are otherwise due, and shall furnish evidence of such payment to the acting U.S. Trustee, 515 Rusk, Suite 3516, Houston, Texas.  The payment shall reflect the Reorganized Debtors' account numbers and shall be transmitted with a "Chapter 11 Quarterly Disbursement and Fee Report" available from the acting U.S. Trustee.  This Court shall retain jurisdiction to enforce of fees assessed under 28 U.S.C. § 1930(a)(6)(A) and (B).

7.     Entry of this Final Decree is without prejudice to (a) the rights of the Reorganized Debtors or any party-in-interest to seek to reopen any of these Affiliate Cases for cause pursuant to section 350(b) of the Bankruptcy Code, and (b) the rights of the Reorganized Debtors to dispute, in an appropriate non-bankruptcy forum, all claims against the Reorganized Debtors in these chapter 11 cases as contemplated by the Plan.  Nothing in this Final Decree shall change the amount or nature of any distribution, or any other substantive rights, that any claim against or interest in any Reorganized Debtor would have been entitled to under the Plan, the Confirmation

Order, the Bankruptcy Code, the Bankruptcy Rules, or otherwise had this Final Decree not been entered.

8.     Quarterly disbursements for the Lead Case will be reported and quarterly fees paid pending the entry of a final decree by this Court closing the Lead Case.

9.     All further reporting concerning the administration of the assets and liabilities of the Affiliate Debtors shall occur only in the Lead Case.  A docket entry shall be made in each of the Affiliate Cases substantially similar to the following:

> An order has been entered in this case directing that all further reporting concerning the administration of the assets and liabilities in this case will occur only in the case of Oasis Petroleum Inc., Case No. 20- 34771.  The docket in Case No. 20-34771 should be consulted for all matters affecting this case.

10.     Notwithstanding anything to the contrary in this Final Decree, all of the terms and conditions of this Final Decree shall be immediately effective and enforceable upon its entry.

11.     The Reorganized Debtors and their agents are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Decree in accordance with the Motion.

12.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Decree.

Signed: December 10, 2020

_____
Marvin Isgur
United States Bankruptcy Judge